LLOYD, GUARDIAN, ET, PLAINTIFFS-APPELLEES, *v.* CAMPBELL, TRUSTEE, ET, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26582.   Decided March 5, 1964.

*Messrs. Gottfried, Ginsberg, Guren & Merritt,* for plaintiffs-appellees.

*Messrs. Merkel, Campbell, Dill & Zetzer,* for defendant-appellant.

CORRIGAN, J. This appeal is before us on questions of law from an order, judgment and decree of the Probate Court of Cuyahoga County. The action in the probate court was brought

jointly by the guardian of Maria Celeste Roseman Lloyd who is the minor beneficiary of a testamentary trust, and by Maria Celeste Roseman Lloyd, individually, by her guardian. The action was for a declaratory judgment interpreting the construction and legal effects of the trust created under the will of Charles E. Roseman, Jr., Deceased. Robert W. Campbell, the trustee under the will, opposed the action in the probate court. The interpretation was given in a memorandum opinion written by the Chief Referee of the Probate Court and was approved and adopted by the presiding judge of that court.

In 1948 the testator, Charles E. Roseman, Jr., married Ann Braasch (presently Mrs. Ann B. Lloyd). One child, Maria Celeste Roseman, was born of the marriage on December 2, 1951. On March 19, 1952, Charles E. Roseman, Jr., executed his last will and testament. On March 26, 1952, he died, leaving as his sole heirs, his wife, Ann Braasch Roseman (presently Mrs. Ann B. Lloyd), and his daughter, Maria Celeste Roseman.

The will of Mr. Roseman was admitted to probate in the Probate Court of Cuyahoga County on April 18, 1952, and Robert W. Campbell was appointed executor. Mr. Campbell is also the trustee under said will.

On March 26, 1953, Peter John Lloyd, who in the meantime had married the widow of the testator, was appointed guardian of the person of Maria Celeste Roseman by the Probate Court of Cuyahoga County. Previous to this appointment Peter John Lloyd had adopted the child. Subsequently, on April 18, 1963, Edward Ginsberg was substituted as resident guardian of the estate of Maria Celeste Roseman Lloyd.

In the interest of clarity, Peter John Lloyd and/or Edward Ginsberg will hereinafter be referred to as the guardian, Maria Celeste Roseman Lloyd as the beneficiary, Robert W. Campbell as the trustee, and Charles E. Roseman, Jr., as the testator.

The trial court was asked by the guardian and beneficiary to determine (a) whether the trustee was required to pay all undistributed trust income to the guardian, and (b) whether the trustee could accumulate any of the undistributed income until the beneficiary attained the age of twenty-five years. The word "accumulate" is used in its restricted sense and refers to increasing the amount of the trust principal from the trust income.

The portions of the testator's will which have some bearing on the issues herein are:

Paragraph 2.

"My trustee shall have the sole right and authority to determine whether monies or things received by this trust are to be treated as capital or income, and to decide whether expenditures connected with the administration of this trust shall be borne by capital or income or otherwise."

Paragraph 3.

"This trust is created for the benefit of my daughter, Maria Celeste Roseman, and all or part of the income of this trust may, at the discretion of the trustee, be used in such manner as my trustee will decide will best serve the benefit and welfare of my daughter, and in the event of necessity, my trustee shall have the authority to invade the principal of this trust, if in my trustee's judgment, the invasion of the principal becomes necessary to provide living necessities for my said daughter."

Paragraph 5.

"When my daughter, Maria Celeste Roseman, attains the age of 25 years, ½ of the principal of this trust shall be paid over to her absolutely and in fee simple, and thereafter the income from the remainder of this trust shall be accumulated as an asset of the trust, and shall not be paid over to my said daughter unless payment becomes necessary to provide necessities of living which she is unable to provide with her own principal and income."

Paragraph 6.

"When my daughter, Maria Celeste Roseman, attains the age of 32 years, all of the rest and residue of this trust, both principal and income, shall be paid over to her absolutely and in fee simple, and this trust shall terminate."

Paragraph 8.

"In the event my daughter, Maria Celeste Roseman, shall not live to receive all of the benefits provided for her in the foregoing trust, then in such event I direct that all of the assets of this trust which have not been paid over to my said daughter at the time of her death shall be distributed and paid over to the following beneficiaries:

"(a) One-third of such assets shall be paid over and made a part of the trust as created in Item IV of this Will.

"(b) One-third shall be paid over to the Musical Arts Association of Cleveland, and

"(c) The remaining one-third shall be paid to the general fund of Western Reserve University."

The trustee's assignments of error ask that the order of the Probate Court of Cuyahoga County dated May 2, 1963, be reversed and modified as being contrary to law in the following respects:

1. Error in construing Item V of the Will of Charles E. Roseman, Jr., so as to restrict, deprive or limit the discretionary powers given to Robert W. Campbell, Trustee, defendant-appellant herein.

2. Error in conclusions of law with respect to testamentary trust created under Item V of the Will of Charles E. Roseman, Jr., in holding:

(a) Any income withheld and not used for the benefit and welfare of Maria Celeste Roseman Lloyd must be accounted for by the trustee separately from the principal and that this separate accounting of the income and the principal shall be retroactive to the date of the beginning of the trust.

(b) The trustee has no authority to accumulate any income until after Maria Celeste Roseman Lloyd has reached the age of 25 years.

(c) Undistributed income shall be accounted for separately.

(d) All surplus and unexpended income not used for the benefit and welfare of Maria Celeste Roseman Lloyd, together with all the avails thereof, shall be paid to her outright and free of any trust when she reaches the age of 25 years.

(e) Maria Celeste Roseman Lloyd has a vested interest in all surplus and unexpended income, and the avails thereof, not used for her or on her behalf, and in the case of her death before the age of 25 years, all such surplus and unexpended income, be paid to and become part of her estate.

3. Error and abuse of discretion in awarding plaintiffs' costs and attorney's fees incurred in the prosecution of this action from the trust principal.

4. Error in ordering this defendant-appellant to administer the trust in accordance with the conclusions of law presented.

5. Other errors manifest on the face of the record.

The guardian and beneficiary filed their appellees' assignments of error as follows:

1. The ruling of the Probate Court of Cuyahoga County pertaining to the relevancy of Stipulation No. 15 should be reversed as being contrary to law in that Stipulation No. 15 is relevant and is properly admissible as showing that a controversy exists between plaintiffs and defendants in this litigation and the nature of that controversy.

2. The Probate Court erred in directing that trust income not expended by the trustee for the benefit of Maria Celeste Roseman Lloyd be separately accounted for and held solely by the trustee for her (and her heirs, should she die prior to attaining age 25) by not finding that the trustee is required to distribute such unexpended income to her or her Guardian each year free of trust.

Proceeding now to the trustee's assignments of error Nos. 1, 2a, 2b, 2c, 2d, 2e and 4, it is apparent that they all relate to the holding of the probate court that the trustee has no authority to accumulate any income until after the beneficiary has reached the age of 25 years. Accordingly, these will be considered together.

It might be well to note that the cardinal rule for the court to follow in construing a will is to ascertain the intention of the testator and give effect thereto, and the most fundamental of the principles upon which the courts rely and by which they are guided in construing provisions as to surplus income in testamentary trusts is that the intention of the creator of the trust is to be sought and given effect if it is not contrary to law.

It is apparent from a careful reading and consideration of the testator's last will and testament that he intended to establish a discretionary trust to provide for the present benefit and welfare of his minor daughter, Maria Celeste, and to protect her financial interests during the early years of her life until such time as she could appreciate, preserve, and protect those interests herself. It can also be readily inferred from the general scheme of the will that he intended to empower his trustee with the widest discretion possible in order to attain those objectives, and to exclude from that discretion the beneficiary herself, her mother, and any possible guardian or other

person who might come into her life after his death.

Further, it is quite obvious after a consideration of the terms and provisions of that will that the testator had full, complete, and supreme confidence in the person he designated as trustee and in the latter's ability to accomplish the objectives for which the trust was created. It is important to note that he is the sole trustee and that he is also the lone executor of the will. The trustee is vested with plenary authority and broad discretion for the period of the life of the beneficiary prior to her reaching age twenty-five. The trustee has the power to determine whether monies or things received by the trust are to be treated as capital or income, to determine whether expenditures connected with the administration of the trust should be borne by capital or income, to decide whether to use all or part of the trust income for the beneficiary's "benefit and welfare," to decide in what manner those funds might be best employed, and to decide if and when the invasion of the trust principal is necessary to provide living necessities for the beneficiary. Where such a power is conferred upon the trustee, his determination is controlling unless he has abused the discretion conferred upon him. Scott on Trusts, Second Edition, Vol. III, P. 1773, Section 233.5; *Doty* v. *Commissioner of Internal Revenue,* 148 Fed. (2d), 503 (Circuit Court of Appeals). And it has been stated that the court may properly have in mind that, when a settlor reposes a discretion in a trustee, he does so because he desires the honest judgment of the trustee, perhaps even to the exclusion of that of the court. *Dumaine* v. *Dumaine,* 301 Mass., 214, 16 N. E. (2d), 625.

After the beneficiary reaches age twenty-five, the discretion of the trustee is sharply curtailed and is limited to deciding whether any payment out of the trust principal is necessary to provide "necessities of living" for the beneficiary which the latter is unable to provide for herself from her own principal and income. Thus, it is abundantly clear that the trustee is given the broadest discretion in administering the trust at the time when the beneficiary needs the greatest amount of protection and that his discretion is limited accordingly when the beneficiary becomes mature enough to manage her own affairs prudently. It should be noted that even upon reaching

age twenty-five the beneficiary will receive only one-half of the trust principal and must wait until attaining age thirty-two before acquiring the entire fund.

The problem in this case arises from the fact that the testator gave his trustee discretion to determine whether all or part of the trust income should be used in providing for the beneficiary's benefit and welfare. Of course, the granting of this discretion necessarily implies that the trustee could retain a portion of the income if, in the exercise of that discretion, he decides that all of it is not necessary for the beneficiary's benefit and welfare. Therefore, the determination in the trial court that the beneficiary is not entitled to all of the surplus income annually is entirely correct and the guardian's and beneficiary's claim to the contrary is not well taken.

However, the question then arises as to what the trustee may properly do with the retained or excess income. Must he create a reserve fund to take care of the possible future welfare and benefit needs of the beneficiary until age twenty-five or can he accumulate it, thereby increasing the fund subject to the trust, or can he do both?

It must be borne in mind that the beneficiary of the income from the trust is also the remainderman of that trust and will eventually receive the entire trust fund. Therefore, it cannot be said categorically that any increase in the size of the fund subject to the trust will prejudice any of the beneficiary's rights. On the contrary, it may serve her benefit and welfare best if such excess income becomes subject to the trust and thus affords her its protection.

The court must construe the specific provisions of the testator's will in the light of the general objectives he was seeking to accomplish and the means by which he sought to accomplish them, and it cannot properly construe any provision in such manner as would defeat the achievement of those objectives or alter the means by which the testator chose to attain them.

Unless a contrary intention appears in the will, where property is given in trust to manage, control and invest, it is necessarily implied that any income derived from the trust estate is a part of the trust fund, and if such income is in excess of the sums which the trustee is directed or which, in the proper

exercise of his discretion, he chooses to pay out before the final termination of the trust, there is an implied direction that such excess income is to be held in the trust and accumulated until it can be paid out in accordance with the directions of the testator at the termination of the trust. No contrary intention appears in this will.

Paragraph 3 of Item V of the testator's will does not specifically state that the trustee can accumulate income, that is, change income to principal. But when it is read in conjunction with Paragraph 2 of Item V, it must be concluded that the testator intended to grant the trustee the power to accumulate income. Accumulation again is used in the sense as applied only to income retained by a trustee for the deliberate purpose of adding to the corpus of the trust. The statement that the trustee is given the sole right and authority to determine whether monies or things received by the trust are to be "treated as capital or income," when considered in its relation to the entire trust instrument and the objectives which that instrument seeks to attain, and the means by which it seeks to attain them, encompasses more than the mere right to classify receipts as income or capital. This is especially evident when that phrase is read with the statement in Paragraph 3 that the trustee has discretion to use the income in "such manner" as he might decide will best serve the benefit and welfare of the beneficiary.

Most certainly, it may be logically and persuasively argued that the beneficiary's welfare and benefit is being nobly served if the trustee elects to treat excess income as principal and invests it as such, thereby increasing the fund subject to the trust and the amount that will be received by the beneficiary when she reaches age twenty-five, and likewise increasing the amount she will receive at age thity-two when the trust is terminated and final distribution of the remaining half of the principal is made to her.

Of course, if the beneficiary's present benefit and welfare is neglected in order to increase the trust principal, this would be an abuse of discretion on the part of the trustee and redress to the courts would be justified. However, the case before us does not involve any claim of abuse of discretion but is merely an action to construe the trust instrument.

The provision in Paragraph 5 pertaining to accumulation of "the income" after age twenty-five is a command to do so. But the provisions of Paragraphs 2 and 3 merely give the trustee discretion as to whether or not he should accumulate income. Certainly, if the situation were such that the trustee becomes fearful that the income for any given year may not be sufficient to allow him to serve the present benefit and welfare of the beneficiary, it might be incumbent upon him to establish a reserve fund of income for future benefit and welfare needs. This again would be a matter within the trustee's sound discretion.

Consequently, it must be concluded, and such is our determination, that the trustee has the power to accumulate income if in the exercise of sound discretion he chooses to do so. Also, it must be concluded that he has the power to create a reserve fund for the beneficiary's future benefit and welfare needs up to age twenty-five, if in the exercise of sound discretion he believes that such reserve fund would be necessary. But such decision is entirely within the discretion of the trustee. In the event that a reserve fund would be established, the trustee would have to account for it separately from the trust principal.

This construction of the provisions of the testator's will is fully in keeping with his obvious intention of providing for his daughter's present benefit and welfare up to age twenty-five, and his obvious intention of protecting her financial interests, through the discretion of his trustee, to the exclusion of her mother, or any possible guardian or other person who might come into her life after his death, until such time as, in the testator's opinion, she is able to protect those interests herself. It is also in keeping with the testator's manifest intention to give his trustee the plenary power and authority to achieve those objectives.

For these reasons, it is our holding that prejudicial error intervened in the trial court as claimed by the trustee's assignments of error Nos. 1, 2a, 2b, 2c, 2d and 4.

In considering the trustee's assignment of error No. 2e, we find the following in the memorandum opinion of the Chief Referee of the probate court:

"Supplemental Conclusion of Law
April 1, 1963

"8. Maria Celeste Roseman Lloyd has a vested interest in all surplus or unexpended income not used for her or on her behalf, and in case of her death before the age of twenty-five, such surplus or unexpended income, together with the avails thereof, shall become part of her estate."

We are unable to agree with such conclusion under the will. In numerous cases courts have concluded that surplus or unexpended income from a trust should be added to and accumulated as part of the trust fund. See 157 A. L. R., 668, Surplus Income—Disposition. In this case such accumulation is within the sound discretion of the trustee. Therefore, it is our determination and holding that the beneficiary of the income, although the same person as the remainderman, does not have a vested interest in the surplus or unexpended income not used for her or on her behalf from the trust until she reaches age twenty-five, and she is entitled only to so much thereof as, in the discretion of the trustee, is reasonably required for her benefit and welfare until she attains that age.

We come now to the trustee's assignment of error No. 3 relating to the propriety of awarding to the guardian and beneficiary, from the trust assets, their costs and attorney's fees incurred in the prosecution of this action. It must be borne in mind that cases in this area of the law are usually treated as *sui generis* and disposed of solely, or at least largely, upon the individual facts and circumstances established.

However, there are certain basic principles which guide the courts in resolving the issues presented. The administration of trusts is generally regarded as an exclusive subject of equity jurisdiction, with the accompanying large need of judicial discretion in the disposition of individual cases. Appellate courts tend toward leaving unaltered any order respecting costs or fees passed upon by the trial court. In addition, if it is concluded that a beneficiary of a testamentary trust was justified in bringing a suit for construction of the trust because of an ambiguity in the will, he will be allowed his costs and attorney's fees from the trust fund on the theory that where a testator has himself created the ambiguity which requires litigation to resolve, it is only equitable that his estate bear the costs and expenses of that litigation. However, it is often said that if the beneficiary is unsuccessful in his case against the

trustee, his costs and attorney's fees will not be allowed from the trust fund unless the background of the litigation was such as to show that the beneficiary was *reasonably justified* in bringing suit. See 9 A. L. R. (2d), 1132, Anno., Costs and Fees— Trust Litigation.

The cases in Ohio dealing with the subject of allowing costs and attorney's fees from the trust assets are concerned with various fact situations which are not identical or even similar to the case at bar. However, certain principles do evolve from them. Thus, it is clear that the court in which the action for construction of a trust is instituted has jurisdiction to award compensation to attorneys for beneficiaries under the trust. *Schreiner* v. *The Cincinnati Altenheim*, 63 Ohio App., 42, 25 N. E. (2d), 296; *Fifth-Third Union Trust Co.* v. *Davis*, 55 Ohio App., 377, 10 N. E. (2d), 4. It is also clear that an action to construe a will creating a trust estate must be beneficial to the trust estate in order for costs and attorney's fees to be reimbursed to the person instituting such action. *In re Estate of Hughes*: *Fitton* v. *Beeler*, 78 Ohio App., 143, 69 N. E. (2d), 216.

From all of the foregoing, it can be concluded that the court in which the action to construe a trust is brought has jurisdiction to determine whether costs and attorney's fees should be allowed from the trust estate, that such jurisdiction is basically equitable, that such court is vested with wide discretion in making that determination, and that it must, to a large extent, resolve each case according to its own facts, circumstances and equities.

It can also be concluded that in order for a party to be awarded his costs and attorney's fees the litigation must be beneficial to the trust estate or the party must be reasonably justified in bringing it.

In the case at bar, the trial court had jurisdiction of the question of costs and attorney's fees and in the exercise of its sound discretion has determined, in effect, that the action for construction of the trust was either beneficial to the trust or that the guardian and beneficiary were reasonably justified in bringing suit. This court, after a full consideration of all the facts and circumstances in this case, cannot say that the trial court abused its discretion in making that determination.

Therefore, the trustee's third assignment of error is overruled.

Having concluded that the order, judgment and decree of the probate court must be reversed in part, we shall now pass upon the assignments of error filed by the guardian and beneficiary (plaintiffs-appellees) under the authority of Section 2505.22, Revised Code.

Considering first the guardian's and beneficiary's claim of error No. 1, we find nothing erroneous in the ruling of the trial court refusing to accept Stipulation No. 15 inasmuch as it does not seem to us to be material or relevant.

Taking up the guardian's and beneficiary's second assignment of error, it is our determination, and we so hold, that the probate court was entirely correct in finding that the trustee is not required to pay over unexpended income of the trust to the beneficiary or her guardian each year free of trust, for reasons hereinabove set out under our consideration of the errors urged by the trustee.

Therefore, the order, decree, and judgment of the Probate Court of Cuyahoga County holding that any income withheld and not used for the benefit and welfare of Maria Celeste Roseman Lloyd must be accounted for by the trustee separately from the principal, that all income withhheld by the trustee, plus the avails thereof due to deposit, investment, or otherwise, shall be available for use for the benefit and welfare of Maria Celeste Roseman Lloyd at the discretion of the trustee, and that separate accounting of the income and principal shall be retroactive to the date of the beginning of the trust is reversed as contrary to law.

The probate court's order, judgment and decree holding that the trustee has no authority to accumulate any income (using the word "accumulate" to mean adding income to principal so that it becomes a part of the principal) until after Maria Celeste Roseman Lloyd has reached the age of twenty-five years is reversed as contrary to law and final judgment entered to the effect that the trustee has the power and authority to accumulate income if in the exercise of sound discretion he decides it advisable to do so, considering always how to best serve the benefit and welfare of the beneficiary until she reaches age twenty-five.

The probate court's order, judgment, and decree that the trustee is not required to distribute annually to the guardian or his ward, Maria Celeste Roseman Lloyd, the income of the trust not otherwise applied by the trustee for her benefit and welfare is affirmed.

The probate court's order, judgment, and decree holding that undistributed income shall be accounted for separately and shall be available for distribution in later years for the benefit and welfare of Maria Celesta Roseman Lloyd is reversed as contrary to law.

The probate Court's order, judgment, and decree holding that all surplus and unexpended income not used for the benefit and welfare of Maria Celeste Roseman Lloyd, together with all the avails thereof, shall be paid to her outright and free of any trust when she reaches the age of twenty-five years is reversed as contrary to law.

The probate court's order, judgment, and decree holding that Maria Celeste Roseman Lloyd has a vested interest in all surplus and unexpended income, and the avails thereof, not used for her or on her behalf, and in case of her death before the age of twenty-five years, and that all such surplus and un-expended income, together with all the avails thereof shall, upon her death, be paid to and become a part of her estate is reversed as contrary to law.

The probate court's order, judgment, and decree holding that the guardian and beneficiary (plaintiffs-appellees) are awarded from the trust principal the costs and attorney fees incurred in the prosecution of this action is affirmed.

Judgment affirmed in part and reversed in part and final judgment entered as indicated above.

A journal entry will be prepared in conformity with this opinion.

Exceptions.

KOVACHY, P. J., ARTL, J., concur.