THE PROVIDENT BANK ET AL. *v.* GOETZ ET AL.

[Cite as Provident Bank v. Goetz, 8 Ohio Misc. 382.]

(No. 2552—Decided July 22, 1965.)

Probate Court of Hamilton County.

*Mr. Harley S. Hamilton,* for The Provident Bank, plaintiff.

*Messrs. Dinsmore, Shohl, Barrett, Coates & Deupree* and *Mr. H. Truxton Emerson, Jr.,* for George A. Moerlein.

*Messrs. Frost & Jacobs, Mr. H. J. Siebenthaler & Mr. Robert O. Klausmeyer,* for Elizabeth Born Baron Irwin, Christian E. Born, Charles Christian Baron, Mary Elise Baron, Conrad Christian Born and Mary Born.

*Messrs. Nichols, Wood, Marx & Ginter* and *Mr. Robert F. Reckman,* for Talitha Kluver and Charles Moerlein.

*Messrs. Nieman, Aug, Elder & Jacobs* and *Mr. Samuel S. Wilson,* for Alice A. Goetz.

*Mr. Fred G. Reiners,* for Mary Jane Crannell and William D. Moerlein.

DAVIES, J. The Provident Bank, as trustee under the will of Emma Moerlein, deceased, has filed a petition for the construction of said decedent's will and for "directions of court" concerning matters set forth in the petition.

Emma Moerlein died testate on October 3, 1928. She created a trust of the residue of her estate and provided that the trust estate should be divided into five funds lettered as follows: "a" comprising two-thirds of the corpus of the entire

trust estate and "b," "c," "d," and "e" each comprising one-twelfth of the corpus of said trust estate.

Item XIII of the decedent's will provides as follows:

"The trustees shall pay the net income arising from fund 'a' to my sister, Lizzie Goetz, for and during her natural life and upon her death, or in the event she be not living at the time of my death, then the net income aforesaid shall be divided in equal parts and respectively paid to my niece, Emma Goetz, and my nephew, Christian J. Goetz, and my nephew, Robert J. Goetz. Should one or more of said children of my said sister, Lizzie Goetz, die without leaving lawful issue or a surviving spouse, then the net income from fund 'a' shall be paid to the survivors or survivor of them during their respective lives, in equal shares.

"Should one or more of said children of my said sister, Lizzie Goetz, die without leaving lawful issue, but leaving a spouse surviving, then the trustees shall pay to such relict one-third (1/3rd) of the income from fund 'a' for and during such spouse's natural life, or so long as such spouse does not remarry.

"Should one or more of said children of my said sister, Lizzie Goetz, die leaving lawful issue and a spouse surviving, the trustee shall pay to said relict for and during such spouse's life, or so long as said relict remains unmarried, so much of the income from fund 'a' as said child was enjoying at the time of his or her death and upon the death or remarriage of such relict, the trustee shall pay the net income from fund 'a' to the child of said deceased nephew or niece of the testatrix, or should there be more than one, then to such children, share and share alike until such child, or should there be more than one, until the youngest of such children shall have, or would have reached the age of thirty (30) years, at which time the trustee shall pay over, deliver and assign fund 'a' to such child or children as shall have reached the age of thirty (30) years, share and share alike, but in case any child who had reached the age of twenty-one (21) years has died before the youngest has or would have reached the age of thirty (30) years, then payment shall be made to the personal representatives of such child; but it is my intention that the interest of each child in fund 'a' shall vest absolutely when said child reaches the

age of twenty-one (21) years, and distribution of fund 'a' shall merely be postponed until the youngest child, or if only one, when that child reaches or would have reached the age of thirty (30) years.

"In the event my niece and nephews should die without leaving lawful issue and upon the death of their respective relicts, or if said trust fund 'a' should be terminated by reason of the provisions of Item XX hereof, then fund 'a' shall be equally distributed among the other trust funds hereinafter provided which are then in operation and effect."

Items XIV, XV, XVI and XVII provided respectively for the administration of funds "b" through "e" for the primary benefits of the decedent's sister, Lena Born (fund "b"), Katherine M. Pister, Anna E. Wells, and Charles Moerlein, children of her brother, John Moerlein (fund "c"), her nephew, William C. Moerlein (fund "d"), and her grandnephew, Jacob William Moerlein (fund "e"). These four funds all had similar provisions to fund "a" for alternate beneficiaries and termination of the trust funds.

Item XX reads as follows:

"In charging expenses they are to be apportioned in accordance with the value of each fund at the time the expense was incurred.

"In making the foregoing disposition of my property I have endeavored to equalize the fortunes of my several relatives. Therefore, in case any of the legatees or devises hereinbefore named, shall institute or prosecute any action to contest or set aside this, my will, the legacy or devise hereinbefore given to such person or persons shall be thereby forfeited and annulled and shall revert and inure equally to the several funds herein provided for."

Of the funds referred to in the various items of the will fund "e" referred to in Item XVII has heretofore been distributed in its entirety to defendant, George A. Moerlein, who became thirty years of age on March 15, 1960; fund "d" referred to in Item XVI has heretofore been distributed to William M. Moerlein and Mary Jane Crannell, the children of William C. Moerlein, when the youngest of such children of William C. Moerlein became thirty years of age on March 3, 1960; pursuant to an order of this court entered on November 24,

1952 in case No. 1761 one-half of the corpus of fund "c" referred to in Item XV was distributed to defendant, Talitha Kluver, and one-half of the corpus of fund "c" is still being administered by plaintiff, and the income therefrom is being paid to defendant, Charles Moerlein; and fund "b" referred to in Item XIV is still being administered by plaintiff, and the income therefrom is being paid to defendants, Christian E. Born and Elizabeth Born Baron Irwin.

Of the persons named or referred to in Item XIII, Lizzie Goetz, the sister of testatrix, Emma Moerlein, died on January 11, 1925, before testatrix, survived by her children, Emma Goetz, Christian J. Goetz and Robert J. Goetz (niece and nephews of testatrix); Robert J. Goetz died November 9, 1962, leaving surviving him his widow, defendant, Alice A. Goetz, but without leaving lawful issue surviving him; Emma Goetz died on March 4, 1964, without leaving lawful issue or a spouse surviving her; Christian J. Goetz died on February 3, 1964, without leaving lawful issue or a spouse surviving him.

Under these circumstances, the plaintiff states it is in doubt about the true intent and meaning of provisions of the last will of Emma Moerlein, deceased, specifically Item XIII thereof, is in doubt about the disposition to be made of two-thirds of the income of fund "a" which under the terms of said Item XIII is not distributable to Alice A. Goetz, and is also in doubt about whether or not any part of the corpus of fund "a" should be distributed now, and, if so, how much and in what manner.

In its prayer, the plaintiff asks the direction of the court, whether or not plaintiff should distribute two-thirds of fund "a," and, if so, what amounts and to whom, and for such other and further relief as may be necessary and proper.

The court, in studying Emma Moerlein's will, found that Item XI of her will provides as follows:

"In the event of doubt, as to the interpretation or performance of this trust on the part of the trustees or either of them, they or either of them shall have the right to employ counsel of their or his selection and to charge the expenses of such counsel against the trust estate. The interpretation placed upon this instrument by the trustees in good faith, or upon the advice of counsel shall be binding and conclusive on

all persons whomsoever. The trustees may likewise employ counsel of their selection in the event of litigation affecting any of the trust property and shall charge such reasonable compensation and expense in connection therewith against the principal of the trust fund.''

Since there was doubt as to the interpretation or performance of the trust on the part of the trustee, the court, under the provisions of the aforementioned Item XI, asked the trustee what interpretation it, upon the advice of its counsel, placed upon the decedent's will in the matters outlined in the petition concerning which the trustee entertained doubts.

In response to the court's request for such an interpretation, the plaintiff filed two written documents, one entitled ''Brief of Plaintiff—The Provident Bank'' and the other designated ''Item XIII of Will of Emma Moerlein, deceased,'' setting forth its and its counsel's interpretations of the doubtful matters in the decedent's will referred to in the petition and outlining their reasons for making such interpretations.

The aforementioned two written documents read as follows:

### (A) Brief of Plaintiff—The Provident Bank
#### Statement of Case

Emma Moerlein died October 3, 1928, leaving a last will and testament duly admitted to probate in this court. She provided in her will that two-thirds (2/3rds) of her residuary estate would constitute a fund to be known as fund ''a'' and to be administered for the benefit of her sister, Lizzie Goetz, during her lifetime. However, Lizzie Goetz died prior to the death of testator and left three (3) children surviving her, Christian J. Goetz, Robert J. Goetz and Emma R. Goetz. The income from the fund was to be divided into equal parts and respectively paid to each of the three (3) children of Lizzie Goetz.

Robert J. Goetz died November 9, 1962, Christian J. Goetz who was one of the trustees died February 3, 1964, and Emma R. Goetz died March 4, 1964. No one of the children of Lizzie Goetz left any issue and Emma R. Goetz and Christian J. Goetz were not survived by spouses. However, Robert J. Goetz did leave Alice A. Goetz, his surviving spouse, who is now living.

## CLAIMS OF CERTAIN BENEFICIARIES

It is contended by certain beneficiaries that a distribution of part of the income and part of the principal of trust fund, "a" should now be made. Emma Moerlein provided in Item XIII of her will that:

"The trustees shall pay to such relict one-third (1/3rd) of the income from fund 'a' for and during spouse's natural life, or so long as such spouse does not remarry."

Unfortunately, Emma Moerlein made no provision for payment of the remainder of the income during the natural life of Alice A. Goetz, the now surviving spouse of Robert J. Goetz.

In the last paragraph of Item XIII the testator provided:

"In the event my niece and nephews shall die without leaving lawful issue and upon the death of their respective relicts, or if said trust fund 'a' should be terminated by reason of the provisions of Item XX hereof, then fund 'a' shall be equally distributed among the other trust funds hereinafter provided which are in operation and effect."

Item XIX provided as follows:

"My trustees are empower, in the event that a life tenant of any one of the funds or part thereof shall become incapacitated for any reason, to use so much of the principal of the fund from which said life tenant is being paid as in their discretion they shall deem necessary for the proper maintenance, education and support of said life tenant."

## INTERPRETATION OF WILLS

The law provides that in every interpretation of a will that such interpretation will try to determine the intention of a testator. We can get little help from cases interpretating wills of other testators as the intention of Emma Moerlein with respect to the provisions of her will could not be expected to follow the pattern of intentions of any other testator. So in interpretating her intention we are not helped by decisions with respect to intentions of other testators.

## ALICE A. GOETZ, BENEFICIARY

It is to be noted that testator in Item XIII of her will said that:

"The trustees shall pay to such relict one-third (1/3rd) of the income from trust fund 'a' for and during such spouse's natural life, or so long as such spouse does not remarry."

It is to be emphasized that this provision provides for the payment of one-third (1/3rd) of the income and does not provide for the payment of the income from one-third (1/3rd) of the trust. Therefore, testator must not have intended that when only one relict was left that there should be a distribution of any part of fund "a" but it would seem that the logical interpretation would be that fund "a" should be held intact until the death or remarriage of Alice A. Goetz, the surviving relict of Robert J. Goetz.

How could Alice A. Goetz receive one-third (1/3rd) of the income of fund "a" if two-thirds (2/3rds) of the corpus of the fund had been distributed?

Furthermore, in the last paragraph in Item XIII we find the expression,

"In the event my niece and nephews should die without leaving lawful issue and upon the death of their respective relicts, or if said trust fund 'a' should be terminated by reason of the provisions of Item XX hereof, then fund 'a' shall be equally distributed among the other trust funds hereinafter provided which are then in operation and effect."

It would seem that from the above wording that testator had no intention of making any distribution of fund "a" either principal or income until there was no relict of her nephews and niece living.

This wording certainly shows that the testator had no intention of treating fund "a" in several parts but that she considered it to be one trust.

Item XIX of the will of Emma Moerlein provided:

"My trustees are empower, in the event that a life tenant of any one of the funds or part thereof shall become incapacitated for any reason, to use so much of the principal of the fund from which said life tenant is being paid as in their discretion they shall deem necessary for the proper maintenance, education and support of said life tenant."

Again it appears that the testator had no thought of treating fund "a" as consisting of several parts but it is quite evident that testator considered the fund as a unit.

It is to be noted that this provides for the use of so much of the principal of the fund from which said life tenant is being paid. It appears from the language used that in the

event that Alice A. Goetz, relict of Robert J. Goetz, would become incapacitated that the trust would be entitled to pay to her or for her care such amount as a trustee would deem necessary for her proper maintenance and support. This makes no reference to any division of fund "a" but in the event of her incapacity all of the principal of fund "a" would be subject to withdrawal. Therefore, testator had no intention when she wrote Item XIX that a surviving spouse would be limited to payments from one-third (1/3rd) of fund "a."

### Trustee's Interpretation

"In the event of doubt, as to the interpretation or performance of this trust on the part of the trustees or either of them, they or either of them shall have the right to employ counsel against the trust estate. The interpretation placed upon this instrument by the trustees, in good faith, or upon the advice of counsel shall be binding and conclusive on all persons whomsoever."

From the above provision in the will of Emma Moerlein it would seem that she intended that her "trustees or either of them" should have a wide range of interpretation in all areas in which some doubt could arise with respect to what she intended in the event questions might arise. It is, therefore, the position of the trustee, The Provident Bank, that trust "a" should remain intact for the lifetime of Alice A. Goetz and at her death all questions of doubt as to distribution of principal and accumulated income should then be resolved.

(B) Item XIII of Will of Emma Moerlein, Deceased

If the court holds there is to be no distribution of the corpus of fund "a" provided in Item XIII of the will of Emma Moerlein, deceased, as long as Alice A. Goetz lives and remains unmarried, the successor trustee will reinvest the two-thirds of the undistributed income from said fund "a" when it is advantageous to do so and in accordance with Item X of said will. Any income from invested income as well as the original after expenses will constitute the fund "a" income and the amount to be paid to Alice A. Goetz will still be one-third of the income from whatever source it is derived.

In the opinion of the successor trustee and counsel, the above is the intention of testatrix Emma Moerlein, deceased, and they so interpret the will as provided by Item XI.

Courts have held that so long as a trustee executes the trust in good faith and within the limits of a sound discretion, a court of equity will not interfere with that discretion or undertake to substitute its discretion therefor. *Hopkins* v. *The Cleveland Trust Co., Trustee, et al.*, 163 Ohio St. 539; *In re: Estate of Bentley*, 163 Ohio St. 568; *Lloyd* v. *Campbell, Trustee*, 120 Ohio App. 441.

The court believes that the interpretations placed upon the doubtful matters in the will of Emma Moerlein, deceased, by the trustee, The Provident Bank, correctly represent the intention of said decedent as shown by her will, finds that the interpretations placed upon the will by the trustee and its counsel were made in good faith, and adopts in toto as the court's opinion the interpretations and construction of the decedent's will made by the trustee.