JOURNAL ENTRY and OPINION
The issues in this appeal relate to the payment of attorney fees expended by both sides in a declaratory judgment action over the corpus of a testamentary trust. Over the trustee's objections, certain beneficiaries of the trust asked the court to distribute the corpus of the trust to them. The court ruled in favor of the beneficiaries, but we reversed that judgment, finding that the beneficiaries were only entitled to receive the income from the trust for life, with the corpus being distributed to charity. See Uncrop v. Klein (Nov. 19, 1998), Cuyahoga App. Nos. 74532 and 74619, unreported. Both the trustee and the beneficiaries sought their attorney fees. The court granted attorney fees to the trustee, but denied the beneficiaries' claim for fees under the "common fund" doctrine. The beneficiaries challenge both rulings.[1]
This is the third time that this case has been before us, and an extended discussion of the facts is unnecessary. For our purposes here, it will suffice it to say that certain beneficiaries of a testamentary trust who had been receiving distributions of income from the trust sought complete disbursement of the corpus. When the trustee denied their claim, the beneficiaries filed a declaratory judgment action which asked the court to construe the terms of the will establishing the trust to find that the entire corpus should be distributed. The trustee actively opposed this interpretation. The court held in favor of the beneficiaries, but we reversed that finding, holding that the testatrix's will "clearly and unambiguously states that the plaintiffs [beneficiaries] will receive the income of the trust for life, and that NIH [the National Institute of Health] or another charity will receive the corpus of the trust when the last grandniece or grandnephew dies."Id., unreported at 5.
Following this decision, both the trustee and the attorney representing the interested beneficiaries filed applications for attorney fees resulting from their respective defense and prosecution of the declaratory judgment action. The court granted the fee application made by the trustee, but denied that of the attorney representing the beneficiaries.
The beneficiaries complain that the court erred by awarding the trustee his attorney fees because the trustee displayed an "antagonistic attitude and hostile conduct" toward the beneficiaries. They claim the trustee was a mere stakeholder in the trust, and should have remained neutral throughout the proceedings.
The flaw with the beneficiaries' position is that they believe that any action by the trustee that might be seen as provocative to their interests necessarily amounts to a breach of the trustee's fiduciary duty. This is certainly not the case, as the trustee's paramount concern is the preservation of the trust corpus in compliance with the terms of the trust. First Nat. Bank of Middleton v. Gregory (1983),13 Ohio App.3d 161, 163; Bd. of Edn. v. Unknown Heirs of Aughinbaugh
(1955), 99 Ohio App. 463, 471. It is true that a trustee owes a fiduciary duty to the beneficiaries, or "cestui que trust," but that duty is to preserve the interests granted by the trust. In no way can the trustee be deemed to be acting against the interests of the beneficiaries by refusing to do that which the terms of the trust do not permit. Our decision in Uncrop v. Klein validated the trustee's interpretation of the testatrix's will. Adhering to the letter of the trust cannot be deemed to be action adverse to the beneficiaries.
The courts will allow reasonable attorney fees when the services of an attorney have been used in the course of administering a trust estate. See R.C. 2113.36; In re Estate of Ziechmann (1989), 63 Ohio App.3d 717,719. The court's decision to award attorney fees is reviewed for an abuse of discretion. Motorists Mut. Ins. Co. v. Brandenburg (1995),72 Ohio St.3d 157, 160.
We have no difficulty finding that the court did not abuse its discretion by awarding the trustee his attorney fees. As we noted earlier, our decision in Uncrop v. Klein validated the trustee's interpretation of the testatrix's will. His actions protected the interests of the trust estate and were necessary to its preservation.
The next issue is whether the court abused its discretion by refusing to award the beneficiaries their attorney fees. The beneficiaries claim entitlement to fees from the trust by virtue of having instituted litigation that led to a definitive construction of the terms of the trust. They claim this litigation was thus beneficial to the trust.
The prevailing rule on a beneficiary's entitlement to attorney fees in this district was set forth in the fifth paragraph of the syllabus to Lloyd v. Campbell (1964), 120 Ohio App. 441:
 In a declaratory judgment action by the beneficiary of a testamentary trust to construe the trust, the court has jurisdiction to determine whether costs and attorney fees should be allowed from the trust estate; to award the beneficiary such costs and attorney fees if the litigation is beneficial to the trust or if the beneficiary was reasonably justified in bringing suit; and a reviewing court will not disturb the award, in the absence of an abuse of discretion.
This would not appear to differ in any substantive manner from the court's citation to the "common fund" doctrine. That doctrine, as summarized in Wills v. Union Savings Trust (June 24, 1983), Trumbull App. No. 3155, unreported as follows:
 This concept was apparently first pronounced in Trustees vs. Greenough (1882), 105 U.S. 527. It provides that where one initiates litigation that causes the recovery or preservation of a `common fund' for the benefit of himself and others similarly situated or facilitates its availability and/or distribution through such efforts, he should be entitled to compensation for the payment of attorney fees from the fund on the theory that those benefitted by the fund would otherwise be unjustly enriched.
We are aware that the beneficiaries prevailed on the declaratory judgment action in the court below, but that fact alone cannot guide the court's discretion in deciding whether to grant attorney fees. In the end, the beneficiaries did not prevail, as we reversed the court's decision and confirmed the trustee's interpretation of the testatrix's will. So we fail to see how the trust benefitted from the beneficiary's litigation. The administration of the trust continued as it had before, with no accretion to the corpus due to the beneficiaries' efforts. And we must point out that the beneficiaries showed up late to the table, as the trust had been administered for at least thirteen years before they ventured to make their claim against the trust. Given these facts, we cannot say that the court abused its discretion by denying the application for attorney fees. The assigned errors are overruled.
Judgment affirmed.
It is ordered that appellees recover of appellants their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J., and PATRICIA A. BLACKMON, J., CONCUR.
[1] The beneficiaries also claim that the court erred by permitting the attorney general to intervene on behalf of the National Institute of Health, a charity named as the remainder man of the trust corpus. We dismissed that part of the appeal as untimely by order dated December 3, 2001.